# In the Matter Of:

## KEITH

vs.

## GEORGIA REPUBLICAN PARTY

# JOHN PADGETT

*June 02, 2015*

AH REPORTING, LLC

Anne Hansen, RPR, CCR
5916 East Lake Parkway
Suite 185
McDonough, GA 30253
Office: (404)354-2839
Cell:   (970)231-0859
ahreporting@gmail.com

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 2 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 409

1    A.  Do I have a policy?
2    Q.  Yes, sir.
3    A.  Not a -- not a written, strict policy, no.
4    Q.  Okay.  But it is your own internal
5    decision-making that you follow.
6    A.  Yes.
7    Q.  Would you --
8    A.  I think I've already answered those questions
9    once before.
10   Q.  Thank you.
11   A.  Yes, ma'am.
12   Q.  I appreciate that comment.
13   A.  Yes, ma'am.
14   Q.  Do you have a -- would you say that your
15   policy is based on a fact-by-fact basis, case-by-case
16   basis?
17   A.  I couldn't -- I couldn't tell you.  I don't
18   -- I don't -- it's just based on what's happening at
19   the time with an employee.
20   Q.  Okay.  So what was it about Ms. Keith's
21   arrest that -- in December of 2013, that led you to
22   decide that that was one of the reasons for her
23   termination?
24   A.  Well, I -- I'd already decided that her job
25   performance was lacking.  And when she came to me in

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com
(404)354-2839
ahreporting@gmail.com
5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 3 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 410

1  January to describe what had happened the night she
2  was arrested in December, I was concerned, Number 1,
3  that why it took a month for her to get to me to tell
4  me that.  And I knew that the charges were pretty
5  horrendous, although they were just charges at the
6  time.  But I -- she told me what the charges were.  I
7  had no reason to doubt that those charges that she
8  described were correct.
9       Q.  Well, let me stop you for a second.
10      A.  Uh-huh.
11      Q.  So what charges were so horrific that she
12  told you about in January?
13      A.  She had been out I think socializing with her
14  husband, came home, got in an argument, evidently,
15  that was loud.  Somebody called the police.  The
16  police came.  And the charges were child abuse,
17  obstruction, and -- what was the other charge that she
18  had?  I can't remember what the other charge was right
19  now.
20      Q.  Well, you're aware, aren't you --
21      A.  I mean, I thought they were pretty
22  horrendous.
23      Q.  Really.
24          Well, the charges, children and so and so
25  forth, those were all dismissed in December of 2013.

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com

(404)354-2839
ahreporting@gmail.com

5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 4 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 416

1   Q. Okay. But you might not have.
2   A. But I might -- but I might have.
3   Q. But do you remember your testimony? Yes or
4   no?
5   A. Not -- not verbatim, no, ma'am.
6   Q. Okay. Your testimony was that you may never
7   have fired her based on her performance. Is that your
8   testimony --
9   A. Her --
10  Q. Let me finish my question, and then you can
11  answer.
12  A. Well --
13  Q. Is that your testimony still today?
14  A. Her job performance was so -- was so bad, and
15  it was not going to improve. And as much as I liked
16  Qiana, I was not going to be able to keep her as an
17  employee. And I made -- I knew that was going to be
18  the case pretty early in her employment. And by the
19  time I got to the end of the year, I knew that I
20  wasn't going to be able to keep -- I knew I wasn't
21  going to be able to keep her as an employee.
22  Q. Can you stop for just one second?
23  A. No, I can't.
24       MS. WORTH: My lap is soaking wet.
25  A. And then we had --

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com

(404)354-2839
ahreporting@gmail.com

5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 5 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 417

```
 1  BY MS. WORTH:
 2      Q.  You're not on the record anymore.
 3          MS. WORTH:  Can you stop, please.
 4          (Off the record.)
 5          MS. WORTH:  We're back on the record.
 6  BY MS. WORTH:
 7      Q.  Sorry about that, Mr. Padgett.  At your
 8  deposition on Page 272, I asked you, "During that
 9  period of time, you never fired her when her
10  performance was bad at the beginning of her
11  employment, purportedly bad."
12          And you said, "No.  But that's -- and -- and
13  that -- it was my decision."
14          "Okay."
15          And, I might never have fired her.
16          Is that your testimony today?
17      A.  Well, I might never have fired her.
18      Q.  Okay.
19      A.  But I decided to fire her.
20      Q.  Yes.
21      A.  Okay.
22      Q.  But you might never have fired her on her
23  performance.
24          MS. LEWIS:  Objection.  That misstates his
25  testimony.
```

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com

(404)354-2839
ahreporting@gmail.com

5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 6 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 418

1    A.  No.  That's not what I said.  I decided to
2  fire her based on her performance.  Then we had these
3  other acerbating things that came along having to do
4  with her legal problems.  And that just was the last
5  -- those were the last two straws.
6  BY MS. WORTH:
7    Q.  Right.  That's exactly what I'm getting at.
8        So her performance standing alone wasn't
9  enough to fire her, was it?
10   A.  Oh, absolutely it was.
11   Q.  But you didn't.
12   A.  Well, I could have.
13   Q.  You could have.
14   A.  And I did.
15   Q.  Not in the beginning, did you?
16   A.  Well, Ms. Worth, my total job with -- with
17 the Georgia Republican Party was not just to tend to
18 the problems that Qiana Keith caused me.  I had other
19 jobs.  I was a busy boy.  I don't -- I have to make a
20 living.  I was still working.
21       And I know this is boring you.  But it was my
22 decision.  I could have made the decision to fire her
23 anytime.  And when I finally made the decision to fire
24 her, I fired her.  The reason I fired her though was
25 she could not do the job.  I don't have to have as an

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com
(404)354-2839
ahreporting@gmail.com
5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 7 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 419

1  employer another reason to fire somebody other than
2  they can't do the job.
3       Q.   Okay.
4       A.   And she couldn't do the job.  She was
5  terrible at the job.  You already pointed out, you
6  have pointed out, how terrible at the job she was.
7  And that's why I fired her, was the job.
8            These -- some other things came along that
9  might have hurried up the decision.  But I can tell
10 you, she got fired because she could not do that job.
11 And I -- and I had some people that helped me hire her
12 that gave me some kind of bad advice about what she
13 could and couldn't do, at least the way I understood
14 it, and she couldn't do the job.
15      Q.   Okay.  I appreciate that, Mr. Padgett.
16      A.   You're welcome.
17      Q.   Are you done?
18      A.   I'm done.
19      Q.   Okay.  All right.  So what I pointed out to
20 you that you've said several times now in your
21 deposition, what I pointed out to you is examples of
22 her performance that were the same at the beginning of
23 her employment, at the same at her end.  That's what I
24 showed you.  Do you remember seeing those examples?
25      A.   Yes, ma'am.

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com

(404)354-2839
ahreporting@gmail.com

5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 8 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 420

1   Q.  Okay.  So her performance at the start of her
2   employment that I showed you and asked you about, was
3   no different than her performance at the end.  Do you
4   recall that, sir?
5       MS. LEWIS:  Objection.  Asked and answered.
6   A.  I -- I do.  And -- and you also even
7   mentioned, Well, why didn't you send her to a -- or in
8   one of the depositions, Why didn't you send her to a
9   school?  She was an employee.  That's -- that told me,
10  indicated to me she could do this job.  She couldn't
11  do the job.
12  BY MS. WORTH:
13      Q.  Okay.
14      A.  Now, it was my decision about when I fired
15  her.  And she -- I fired her because she couldn't do
16  the job.  I finally had had enough.  I chased my tail
17  around trying to figure out where I was supposed to be
18  at different meetings and couldn't figure it out.
19  Couldn't get an e-mail sent right.  Couldn't get a
20  note sent right.  Couldn't get a letter structured
21  right.  She had to go.
22      Q.  Okay.  And I appreciate that.
23      A.  You're welcome.
24      Q.  I'm going to ask you to answer my questions
25  yes or no, and then you can explain your answer.

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com

(404)354-2839
ahreporting@gmail.com

5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 9 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 421

```
 1      A.   I did.
 2      Q.   Okay.
 3      A.   That's exactly what I did.
 4      Q.   All right.  So I'm going to ask you to
 5   continue to do that.
 6      A.   Yes, ma'am.
 7      Q.   All right?
 8           In the beginning of Ms. Keith's
 9   performance --
10      A.   Yes, ma'am.
11      Q.   -- you were not happy with her work product,
12   were you?
13      A.   Well, explain --
14      Q.   Can you answer it yes or no and then explain
15   it?
16      A.   Can't answer it.
17      Q.   You can't answer --
18      A.   No, ma'am.  What's in the beginning?
19      Q.   Okay.  In the first three months of her
20   employment --
21      A.   Oh, yes, ma'am.  I knew she couldn't do the
22   job.
23      Q.   So in the first three months of her
24   employment, you knew she couldn't send an e-mail
25   properly.
```

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com

(404)354-2839
ahreporting@gmail.com

5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 10 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 422

1      A.   Right.

2      Q.   In the first three months of her employment,
3  you knew that she wasn't a good writer.

4      A.   Yes.

5      Q.   In the first three months of her employment,
6  you knew that her spelling wasn't so good.

7      A.   Yes.

8      Q.   Okay.  All right.  Now, you said -- you just
9  said that you had gotten some bad information from
10 people that had referred her to you?

11     A.   Yeah.

12     Q.   Okay.  Who was that?

13     A.   That would be Martha Zoller.

14     Q.   Okay.  What kind of bad information did you
15 get from --

16     A.   Well, I told Martha  --

17     Q.   You've got to let me finish so Anne can type
18 it.

19          MS. LEWIS:  Yes.

20     A.   Excuse me.

21 BY MS. WORTH:

22     Q.   Let me finish, and then you can go.

23     A.   All right.

24     Q.   What did you get from Ms. Zoller?

25     A.   In the conversation with Ms. Zoller about

AHREPORTING, LLC
(404)354-2839
ahreporting@gmail.com

(404)354-2839
ahreporting@gmail.com

5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252

Case 1:14-cv-02159-CAP-AJB   Document 186-16   Filed 03/21/16   Page 11 of 11

KEITH vs. GEORGIA REPUBLICAN PARTY
JOHN PADGETT on 06/02/2015

Page 424

1    A.  Yeah.

2    Q.  Okay.

3    A.  I think the conversation I had with Qiana
4 when I hired her was not good because I asked her the
5 same kind of questions.

6    Q.  I'm sorry.

7    A.  I asked her the same questions, told her what
8 the job position was.  She said, sure, she can handle
9 it.

10   Q.  Okay.  So -- but you never -- based on your
11 previous testimony, you never sat down with Ms. Keith
12 in the first couple months of her employment and said,
13 "You can't do your job.  Your job's on the line," did
14 you?

15   A.  I -- I sat down with Ms. Keith several times
16 to tell her that -- that her job performance was not
17 good.  She could not write an e-mail for me.  She
18 couldn't do it -- she couldn't write a note for me.
19 She couldn't write a letter for me.  She couldn't keep
20 my calendar.  I had several conversations with her --

21   Q.  Okay.  Now --

22   A.  -- trying -- trying to get her to improve her
23 performance.

24   Q.  And none of this was in writing to her, was
25 it, Mr. Padgett?

AH REPORTING, LLC
(404)354-2839
ahreporting@gmail.com

(404)354-2839
ahreporting@gmail.com

5916 East Lake Parkway, Suite 185
McDonough, Georgia 30252